```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

ROTOWORKS INTERNATIONAL                                    PLAINTIFF
LIMITED
        v.          Civil No. 07-05009

GRASSWORKS USA, LLC
GRASSWORKS!!! L.L.C.
BOBBY UMBERSON
LINDA K. REED                                              DEFENDANTS

### INTERIM ORDER

NOW on this the 28th day of March, 2007, comes on for consideration Defendants', GrassWorks USA, LLC, GrassWorks!!! L.L.C., Bobby Umberson, and Linda K. Reed, **Motion to Quash Six Subpoenas** (document #33) and **Motion for Protective Order** (document #35) filed on March 27, 2007, and from said motions, and the expedited response thereto, the Court finds and orders as follows:

    1.    On March 15 and 16, 2007, Plaintiff served six subpoenas on various non-party telephone companies, requesting records of Defendants' telephone calls during specified time periods. Pursuant to these subpoenas, the information sought therein must be provided to Plaintiff's counsel by April 1, 2007.

    2.    Defendants claim that the requested telephone records contain confidential and proprietary information and trade secrets within the meaning of Ark. Code Ann. § 4-75-601(4). Consequently, Defendants request that all such records be subject to a protective order, limiting the use and disclosure of the requested information exclusively to Plaintiff's counsel.

    3.    Defendants further claim that, pursuant to Fed. R. Civ. P. 45(b)(2), five of the six subpoenas were served outside the

geographical limits of the Court's jurisdiction and are, consequently, unenforceable under the Federal Rules of Civil Procedure.

 4. Fed. R. Civ. P. 45 governs the issuance of subpoenas to non-parties and states in pertinent part:

> (b) **Service**. [...] a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena [...]

Fed. R. Civ. P. 45(b)(2). Defendants point to this rule to support their assertion that the five subpoenas at issue were not properly served on the non-party telephone companies.

 5. Fed. R. Civ. P. 45(c) provides that a person commanded to produce and permit inspection of documents may, within 14 days after service of a subpoena, serve upon the party or attorney designated in the subpoena written objection to such inspection. Significantly, the telephone companies have not, to date, objected to the issuance, form, or service of the subject subpoenas. Moreover, as demonstrated in Plaintiff's response, the telephone companies agreed to service of these subpoenas.

 6. The Court finds that Defendants lack standing to challenge the service of the subject subpoenas, as such a challenge should be brought by the non-parties to whom the subpoenas are directed. The five subpoenas at issue have not been challenged by the recipient telephone companies and, in fact, these companies agreed to the method of service. Thus, the service of the challenged subpoenas was effective.

7.  The Court further finds that, in order to assess the nature of the requested telephone records and determine whether they should be subject to a protective order, it will review all such records in camera.  This review will assist the Court in resolving the issues raised in Defendants' **Motion for Protective Order** (document #35).

IT IS THEREFORE ORDERED THAT the **Motion to Quash Six Subpoenas** (document #33), filed on March 27, 2007 by Defendants, should be, and hereby is, denied; and, until the Court issues an order addressing and disposing of the issues raised in Defendants' **Motion for Protective Order** (document #35), the telephone records received by Plaintiff in response to its third-party subpoenas should not, at this time, be reviewed by either Plaintiff or Plaintiff's counsel, but rather should be immediately delivered to the Court in camera for its review of the subject materials.

IT IS SO ORDERED.

/s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE