```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                       FAYETTEVILLE DIVISION

ROTOWORKS INTERNATIONAL                                PLAINTIFF
LIMITED
            v.              Civil No. 07-05009

GRASSWORKS USA, LLC
GRASSWORKS!!! L.L.C.
BOBBY UMBERSON
LINDA K. REED                                          DEFENDANTS
```

### ORDER

NOW on this the 11th day of April, 2007, comes on for consideration defendants' **Motion for Protective Order** (document #35), and the Court, being well and sufficiently advised, finds and orders as follows:

1. Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, defendants seek a protective order from this Court limiting discovery as follows:

* Restricting the use and review of telephone records subpoenaed by plaintiff exclusively to plaintiff's counsel; and

* Prohibiting plaintiff's counsel from contacting customers identified through review of said telephone records except to schedule depositions.

Defendants maintain that such restrictions are necessary because the records at issue constitute trade secrets under the Arkansas Trade Secrets Act, Arkansas Code Annotated § 4-75-601(4), and contain confidential information. Moreover, defendants claim that plaintiff "desires to annoy, embarrass, or oppress the

defendants with the use of such [confidential] information." Defendants' Brief in Support of Motion for Protective Order at 2.

2. As noted in defendants' **Brief in Support of Motion for Protective Order** (document #36), it is the initial burden of the party seeking a protective order to show: (1) that the information for which protection is sought constitutes a trade secret or other confidential research, development, or commercial information under Federal Rule of Civil Procedure 26(c)(7); and (2) that the disclosure of such information would be harmful to the party's interests therein. In re Remington Arms Co., Inc., 952 F.2d 1029, 1032 (8th Cir. 1991). Only after this evidentiary burden is met does the burden shift to the party seeking the disputed information to show that such information is both relevant to the subject matter of the lawsuit and necessary to prepare the case for trial. Id.

3. Defendants have shown nothing to convince the Court that the telephone records at issue exhibit the requisite indices of a protectable trade secret. For example, defendants fail to show the extent to which the subject information is known outside defendants' business; the measures taken, if any, by defendants to guard the secrecy of the information; the value of the information to the defendants and their competitors; or the ease or difficulty with which the information could be properly acquired or duplicated by others. See Weigh Systems South, Inc. V. Mark's Scales & Equipment, Inc., 69 S.W.3d 299, 301-302 (Ark. 2002) (setting forth the factors which are material to a determination of whether

information is a trade secret).

4. By summarily concluding that the telephone records constitute trade secrets and confidential information, defendants fail to meet their burden of proving that these records contain the type of sensitive information which merits protection under Federal Rule of Civil Procedure 26(c)(7).  Moreover, the Court's in camera review of the subject materials did not persuade the Court that these records warrant protection under Rule 26(c)(7).

5. Additionally, defendants fail to meet their burden of showing that the disclosure of the disputed records would be harmful to their interests in the information contained therein.  While defendants speculate that plaintiff desires to use the telephone records to annoy, embarrass, or oppress them, the Court will not assume that plaintiff intends to act in bad faith or otherwise misuse these records.

IT IS THEREFORE ORDERED THAT, except to the extent previously ruled upon by this Court on April 4, 2007, defendants' **Motion for Protective Order** (document #35) should be, and hereby is, **denied**.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**