```
            IN THE UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION

ROTOWORKS INTERNATIONAL                              PLAINTIFF
LIMITED
             v.            Civil No. 07-05009

GRASSWORKS USA, LLC
GRASSWORKS!!! L.L.C.
BOBBY UMBERSON
LINDA K. REED                                        DEFENDANTS
```

### ORDER

NOW on this the 25th day of April, 2007, comes on for consideration defendants' **Motion and Brief in Support of Reconsideration of Denial of Motion for Protective Order** (document #46) and plaintiff's response thereto, and the Court, being well and sufficiently advised, finds and orders as follows:

1. In its previous Order, dated April 11, 2007, the Court held that defendants' **Motion for Protective Order** (document #35) failed to show that certain subpoenaed records contain the type of sensitive information which merits protection under Federal Rule of Civil Procedure 26(c)(7).

2. Defendants now seek reconsideration of the Court's April 11th Order by offering evidence to support the contention that the telephone records at issue are confidential or trade secrets warranting protection. Moreover, defendants assert that certain bank records subpoenaed by plaintiff should be protected as they too are confidential.

3. Defendants' motion for reconsideration and the various

exhibits attached thereto ultimately fail to establish that the subject telephone records are, in fact, "trade secrets," as that term is defined under Arkansas Code Annotated § 4-75-601(4). Primarily, defendants fail to present evidence sufficient to show that these records are not readily ascertainable. Allen v. Johar, Inc., 823 S.W.2d 824, 826-827 (Ark. 1992) (stating that, generally, customer lists created through use of a business effort, and the expenditure of time and money, that *are not readily ascertainable*, and are kept confidential are given protection as a trade secret) (emphasis added).

While defendants cite Allen v. Johar, Inc. to point out that customer lists have been held to meet the definition of a protectable trade secret, it is important to consider the factual underpinnings of the Arkansas Supreme Court's determination in this regard.  Specifically, in Allen the Arkansas Supreme Court noted that the customer lists at issue were not readily ascertainable because they contained detailed information about its customers' personality traits, hobbies and likes, buying habits, and pricing agreements. Allen, 823 S.W.2d at 827; see also Statco Wireless, LLC v. Southwestern Bell Wireless, LLC, 95 S.W.3d 13, 17 (Ark. Ct. App. 2003)(holding that customer lists could not be readily ascertained and were protectable trade secrets where such lists contained not only the names of thousands of customers, but also valuable information regarding those customers such as their contract expiration dates); but cf. Hi-Line Elec. Co. v. Moore, 775 F.2d 996

(8th Cir. 1985) (holding that disputed customer information was not a trade secret because it was readily available).

The telephone records at issue are simply a list of telephone numbers, with the dates and times of various phone calls. Consequently, the records do not contain the sort of unique customer information that would make them difficult to ascertain. Thus, these records are not comparable to the customer lists which were held to be a trade secret in Allen; and they do not merit protection under Federal Rule of Civil Procedure 26(c)(7). Moreover, the Court does not find defendants' assertion that telephone records are protected under the federal Telecommunications Act persuasive, as this act specifically regulates telecommunications carriers and is, consequently, inapplicable in the present case. See 47 U.S.C. § 222(a) (1999) (directing the provisions of the Telecommunications Act to telecommunications carriers).

4. Regarding the confidentiality and discoverability of the bank records subpoenaed by plaintiff, the Court first notes that, pursuant to Federal Rule of Civil Procedure 26(b), the scope of discovery permitted in civil litigation is broad. Specifically, parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Further, relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Given the latitude afforded parties in the discovery process, the Court must

consider carefully and with caution requests to limit discovery.

In the instant case, defendants argue that the bank records at issue contain private and confidential information and, thus, should be subject to a protective order.  The Court notes, however, that in the absence of privileged information, Federal Rule of Civil Procedure 26(b) does not limit the discovery of otherwise confidential or private information.  Additionally, the Supreme Court has held that a bank customer has "no legitimate expectation of privacy" in the contents of checks, deposit slips, and other banking documents.  United States v. Miller, 425 U.S. 435, 440 (1975).  Such records are not confidential communications but are, rather, instruments of commercial transactions and the business records of the bank.  Id.  Accordingly, the bank records at issue here are subject to discovery and do not warrant protection under Federal Rule of Civil Procedure 26(c)(7).

5.  Defendants' motion for reconsideration sets forth several suggestions for limiting plaintiff's access to and use of the disputed telephone and bank records.  However, as the subject records are the legitimate fruits of discovery and do not merit protection via protective order, the Court finds no reasonable basis for placing such limitations on the use of this information. Moreover, as previously stated in its April 11th Order, the Court will not assume that plaintiff intends to act in bad faith or otherwise misuse these records.  Thus, while defendants speculate that plaintiff will use the subpoenaed records to bias potential

witnesses and retaliate against defendants, such unsupported contentions do not establish that the disclosure of these records will be harmful to defendants' interests in the information contained therein.

**IT IS THEREFORE ORDERED** that defendants' **Motion and Brief in Support of Reconsideration of Denial of Protective Order** (document #46) should be, and it hereby is, **denied.**

**IT IS FURTHER ORDERED** that each party shall bear its own costs and fees in connection with this motion for reconsideration.

**IT IS SO ORDERED.**

                                              **/s/ Jimm Larry Hendren**
                                              **JIMM LARRY HENDREN**
                                              **UNITED STATES DISTRICT JUDGE**