```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION

ROTOWORKS INTERNATIONAL                              PLAINTIFF
LIMITED
            v.           Civil No. 07-05009

GRASSWORKS USA, LLC
GRASSWORKS!!! L.L.C.
BOBBY UMBERSON
LINDA K. REED                                        DEFENDANTS
```

## ORDER

NOW on this the 8th day of May 2007, comes on for consideration defendants' **Second Motion for Protective Order** (document #49) and plaintiff's response thereto (document #51), and the Court, being well and sufficiently advised, finds and orders as follows:

1. Pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, defendants seek a protective order from this Court limiting discovery as follows:

    * Restricting the review of all "Confidential Weed Wiper Business Information" to counsel only;

    * Restricting plaintiff's contact with defendants' customers; and

    * Prohibiting discovery of all "Unrelated Confidential Information concerning defendants' cattle grazing and other farming operations."

See Defendants' Second Motion for Protective Order at 6.

Defendants maintain that such restrictions are necessary because the information and records at issue constitute trade

secrets under the Arkansas Trade Secrets Act (Arkansas Code Annotated § 4-75-601(4)), contain confidential information, or are unrelated to the issues raised in the instant lawsuit. Moreover, as with defendants' prior Motion for Protective Order (document #35), defendants claim that plaintiff will use the requested information to "destroy defendants' business interests in retaliation for its competition with Rotoworks." Defendants' Second Motion for Protective Order at 3.

2. According to plaintiff's response (document #51), defendants have, to date, failed to produce any documents responsive to its requests for production, which were propounded on defendants more than thirty (30) days before they filed the present motion for protective order.

Pursuant to Federal Rule of Civil Procedure 34, responses and/or objections to requests for production must be provided within thirty (30) days after the service of such discovery requests. Moreover, while a party may object to certain requests for production within this time frame, such party remains obligated to timely file responses to all requests that are not specifically objected to. See Fed. R. Civ. P. 34(b).

In the instant case, defendants failed to seek a protective order for the documents outlined in their current motion within thirty (30) days of plaintiff's service of its requests for production. Additionally, defendants have wholly failed to respond to plaintiff's requests for production, insofar as such requests

relate to documents that are not specifically addressed in defendants' motion for protective order. Accordingly, the Court finds that defendants' current motion is untimely and, further, that defendants have failed to cooperate in discovery as required under Federal Rule of Civil Procedure 34.

    3. Additionally, as evidenced in plaintiff's response, plaintiff has attempted, in good faith and without court intervention, to enter into a protective agreement with defendants regarding the handling of the subject documents. However, defendants have been unresponsive to plaintiff's efforts. Moreover, defendants' motion for protective order fails to provide the requisite certification that the movants have in good faith conferred or attempted to confer with the affected party in an effort to resolve the dispute without court action. See Fed. R. Civ. P. 26(c). The lack of cooperation evidenced by such actions is disquieting and not favored by the Court. The Court again emphasizes the duty of the parties to fully cooperate in the discovery process and to proceed, in good faith and where reasonably able, without court intervention.

    4. Despite the untimeliness of and the stated deficiencies in defendants' motion for protective order, the Court will nevertheless briefly address the substantive merits of this motion. As noted in the Court's Order dated April 11, 2007 (document #45), it is the initial burden of the party seeking a protective order to show: (1) that the information for which protection is sought constitutes a

trade secret or other confidential research, development, or commercial information under Federal Rule of Civil Procedure 26(c)(7); and (2) that the disclosure of such information would be harmful to the party's interests therein. In re Remington Arms Co., Inc., 952 F.2d 1029, 1032 (8th Cir. 1991). Only after this evidentiary burden is met does the burden shift to the party seeking the disputed information to show that such information is both relevant to the subject matter of the lawsuit and necessary to prepare the case for trial. Id.

Defendants have failed to convince the Court that the information and records at issue exhibit the requisite indices of a protectable trade secret. Additionally, defendants have failed to meet their burden of showing that the disclosure of the disputed information would be harmful to their interests in the information contained therein. While defendants speculate that plaintiff desires to use the requested information to "steal customers of the defendants or to tarnish defendants' reputation in the community and damage defendants' business interests," the Court reiterates that it will not assume that plaintiff intends to act in bad faith or otherwise abuse the discovery process.

5. Regarding the "Unrelated Confidential Information" concerning defendants' cattle grazing and other farming operations, the Court finds that, based on the explanation provided in plaintiff's response, plaintiff's requests for such information is reasonably calculated to lead to the discovery of admissible

evidence.  Therefore, plaintiff's discovery requests regarding "Unrelated Confidential Information," as defendants refer to this class of documents, are proper and within the bounds of permissible discovery.

    IT IS THEREFORE ORDERED THAT defendants' **Second Motion for Protective Order** (document #49) should be, and it hereby is, **denied.** Accordingly, defendants shall, within fifteen (15) days from the date of this Order, fully respond to the outstanding discovery requests referenced in their motion.

    IT IS FURTHER ORDERED THAT defendants shall pay plaintiff's costs and attorney's fees incurred in responding to the Second Motion for Protective Order.  <u>See</u> Fed. R. Civ. P. 37(a)(4).  To facilitate the payment of such costs and fees, plaintiff shall submit to the Court, within five (5) days from the date of this Order, documentation for the costs and fees it claims.  Plaintiff shall provide a copy of same to defendants.  If such claims are reasonable and defendants offer no objection thereto within five (5) days after the Court's receipt of same, the Court will then enter a further order directing defendants to pay such forthwith.

    **IT IS SO ORDERED.**

                                <u>**/s/ Jimm Larry Hendren**</u>
                                **JIMM LARRY HENDREN**
                                **UNITED STATES DISTRICT JUDGE**