```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

**ROTOWORKS INTERNATIONAL LIMITED**                                **PLAINTIFF**

       **v.**            **Civil No. 07-5009**

**GRASSWORKS USA, LLC;**
**GRASSWORKS!!! L.L.C.;**
**ROBERT D. UMBERSON a/k/a/BOBBY**
**UMBERSON; and LINDA K. REED**                                    **DEFENDANTS**

**O R D E R**

    Now on this 4th day of September, 2007, come on for consideration **Plaintiff's Second Motion To Compel** (document #69) and **Plaintiff's Motion For Attorneys' Fees And Costs** (document #75), and from said motions, and the responses thereto, the Court finds and orders as follows:

    1.   This trademark infringement case has been plagued, from its inception, with discovery problems.  On May 8, 2007, the Court entered an Order denying defendants' request for a protective order, and directing that defendants "fully respond" to plaintiff's outstanding discovery requests.

    Plaintiff now contends that defendants have failed to comply with the May 8 Order in several respects, and it seeks compliance, plus attorney's fees for the pending motions and for other, previously-filed, discovery motions.

    Defendants respond that they have produced 6,000 pages of documents and 11 compact discs containing requested information. They say this amounts to full compliance, while reiterating their

objections that the information is irrelevant and personal or confidential.

The Court has read the submissions of the parties, which amount to literally hundreds of pages, much of it devoted to bickering about who has done what to whom, or failed to do it, or might do it in the future.  None of this is particularly helpful to the Court in trying to resolve whether there is some discoverable piece of information about which plaintiff has inquired, and about which one or more defendants has failed to permit discovery.  Nor does it advance the preparation of this case for trial;  in the Court's view, the case is being delayed by the acrimonious turn discovery has taken.

The Court declines to sort through the masses of material submitted to it in connection with the pending motions and try to separate the legitimate issues from the bickering of the parties. It is the responsibility of the parties to present a concise motion to the Court setting forth matters that are really, truly, in dispute.

The Court will, therefore, deny plaintiff's motions, without prejudice to plaintiff filing a short motion, devoid of acrimony, accusations, and hyperbole, stating what it has sought through discovery that has not been produced.  Defendants will be allowed the usual time to file a short response, likewise devoid of fireworks, indicating whether or not they have the information,

and whether or not it has been produced.

The issue of whether either party is entitled to attorney's fees or costs related to discovery may be reasserted when the substantive issues in this case have been resolved.

**IT IS THEREFORE ORDERED** that **Plaintiff's Second Motion To Compel** (document #69) and **Plaintiff's Motion For Attorneys' Fees And Costs** (document #75) are **denied,** without prejudice to their resubmission in proper form and at the proper time.

**IT IS SO ORDERED.**

                                           /s/ Jimm Larry Hendren
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**