IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROTOWORKS INTERNATIONAL LIMITED                          PLAINTIFF

          v.            Civil No. 07-5009

GRASSWORKS USA, LLC;
GRASSWORKS!!! L.L.C.;
ROBERT D. UMBERSON a/k/a/BOBBY
UMBERSON; LINDA K. REED; and
METAL WORKS, L.L.C                                       DEFENDANTS

O R D E R

Now on this 7th day of September, 2007, comes on for
consideration **Defendants' First Motion To Compel** (document #93),
and from said motion, the response thereto, and the supporting
documentation, the Court finds and orders as follows:

1.    Plaintiff Rotoworks International Limited ("Rotoworks")
manufactures a type of farm implement known as a Rotowiper, used
to wipe herbicide on cropland.   In its Amended Complaint,
Rotoworks alleges that defendants are liable to it for trademark
infringement by counterfeiting and implied passing off, in
violation of **15 U.S.C. §1114(1)**, and for trade dress and trademark
infringement, in violation of **15 U.S.C. §1125(a).**

The Amended Complaint prays for an extension of the
preliminary injunction entered on March 5, 2007, to Metal Works,
L.L.C.; for permanent injunctive relief; for damages, attorney's
fees and costs; for removal of all references to Rotowiper
products from defendants' product literature and grassworks.net
website; and for destruction of all knock-off products

manufactured by defendants.

Defendants filed a Counterclaim, alleging that Rotoworks was improperly using information obtained during discovery. The Court struck this Counterclaim by Order dated September 4, 2007, and ruled that -- to the extent they related solely to the Counterclaim -- Rotoworks was not required to respond to defendants' Second Set of Interrogatories and Requests for Production of Documents. To the extent that discovery related to the issues raised by the Amended Complaint or the Answer, the Court directed that responses would be considered timely if filed within fourteen (14) days of the September 4 Order.

On August 24, 2007, before the Court entered the Order referred to above, defendants filed the motion now under consideration. Plaintiff has responded, and the issues are ripe for decision.

2.  Defendants have submitted two sets of Interrogatories and Requests for Production of Documents to plaintiff. Defendants' First Set of Interrogatories and Requests for Production of Documents ("First Set") contains Interrogatories 1-15 and Requests for Production 1-18. Responses to the First Set were submitted by plaintiff on June 25, 2007.

Defendants' Second Set of Interrogatories and Requests for Production of Documents ("Second Set") contains Interrogatories 16-20 and Requests for Production 19-22. Plaintiff has not

-2-

responded to the Second Set.

3.   Certain Interrogatories and Requests for Production appear to the Court to be related only to the Counterclaim, or to otherwise be unrelated to the issues raised by the Amended Complaint or the Answer, and plaintiff will not be required to respond to those.   The Court places the following in this category:

*   Interrogatory 8 (information about current and past Rotoworks distributors), and Interrogatories 16, 17, 18, and 19 (all concerning information about plaintiff's use of discovered information).

*   Request for Production No. 12 (seeking plaintiff's telephone records), and Requests for Production 20 and 21 (concerning plaintiff's use of discovered information).

4.   Plaintiff has responded to some of the challenged Interrogatories and Requests for Production, although in a manner which defendants deem insufficient.   The Court disagrees, and finds the responses to Interrogatories No. 5 and 12, and Requests for Production No. 1, 3, 6, 7, 8, 10, 11, 16 sufficient, although it will take this opportunity to remind the parties of the duty to timely supplement their responses under **F.R.C.P. 26(e)**, and to point out that information withheld during discovery may prove inadmissible at trial.   These considerations may impel plaintiff to revisit its responses to Interrogatories No. 5 and 12 and

-3-

Requests for Production No. 1, 3, 6, 7, 8, 11, 16.

5.    Other Interrogatories and Requests for Production clearly seek discoverable information related to issues raised by the Amended Complaint or the Answer, and the responses thereto are insufficient.  The Court will, therefore, direct that Rotoworks provide specific responses thereto.  The Court places Interrogatories seeking witness information in this category, including:

*    Interrogatory No. 1, which asks for a list of customers "confused or deceived by Defendants, causing them to purchase a Grassworks Weed Wiper instead of a Rotowiper Product."  In response to Interrogatory No. 1, plaintiffs offered only a list of documents identified by number.  It is not sufficient for Rotoworks to simply identify documents from which they derived such a list.  The Interrogatory asks for names, and the identification of these individuals is relevant, or at the very least it is likely to lead to the discovery of admissible evidence, which is all that is required by **F.R.C.P. 26(b)**.  The Court does not, however, consider it necessary for plaintiff to identify the customers as defendants define "identify" in their discovery requests. Except as to expert witnesses, identification by name and current or last known address of the individuals is sufficient.

*    Interrogatory No. 3, which asks for a list of people who

-4-

received a Grassworks Weed Wiper instead of a Rotowiper.  The response is insufficient for the same reasons as the response to Interrogatory No. 1.

*    Interrogatory No. 4, which asks for a list of people who received an Arkansas-made weed wiper when they intended to purchase a Rotowiper product made in New Zealand.  The response is insufficient for the same reasons as the response to Interrogatory No. 1.

*    Interrogatory No. 6, which asks for a list of people who will testify that they were deceived as part of a "bait and switch" scheme on the part of defendants.  The response is insufficient for the same reasons as the response to Interrogatory No. 1.

*    Interrogatory No. 11, which asks for all "documents and communications referring or relating to Rafe Essary."  Plaintiff objects that this information is protected by attorney-client privilege, but does not explain why.  The Court recalls that there was testimony that Essary was instrumental in causing plaintiff to become aware of alleged misconduct on the part of defendants, which led to the filing of this lawsuit.  For that reason, and to the extent the Interrogatory relates to those circumstances, it seeks discoverable information.  The Court is also aware that Essary became a distributor for Rotoworks after this lawsuit was filed, and finds that information about communications between

-5-

Essary and Rotoworks in that capacity are irrelevant to the issues presented, and the Interrogatory need not be answered as to this category of communications.

* Interrogatory No. 13, which asks for identification of all fact and expert witnesses plaintiff expects to call at trial. While plaintiff did identify some individuals, it also referred to its response to Interrogatory No. 1, leaving defendants to their own devices to sort through piles of documents and attempt to guess who plaintiff might call as witnesses. This is not sufficient.

The Court also places in this category Interrogatories that ask for information that plaintiff will use to prove up its case, or that defendants might use to prove up their defenses, including:

* Interrogatory No. 14, which asks for all documents plaintiff intends to offer at trial, or upon which plaintiff's expert witnesses will rely. This is discoverable information.

* Interrogatory No. 20, which asks for plaintiff's damages calculations and attorneys' fee calculations, although the Court will limit this to damages calculations. Attorney's fees may come into play after trial, but are a matter for the Court to consider, and there is no basis for discovery as to them at this time. Damages information is clearly discoverable.

* Request for Production No. 4, but only insofar as it

-6-

seeks information on the costs of Rotoworks' products sold to defendants for resale in the United States.

    * Request for Production No. 14, which asks for documents related to the sale of herbicide applicators in colors other than aqua, although the Court will limit the geographical reach of this Request to documents relating to such sales in the United States, and will limit it to the sale of Rotowiper products.

    * Request for Production No. 19, but only insofar as plaintiff anticipates using the documents sought therein either in its case in chief or in rebuttal.

    * Request for Production No. 22, which asks for all documents supporting plaintiff's damages calculations and attorney fees, although the Court will limit such Request to documents supporting damages calculations only.

    6. Finally, Interrogatory No. 2 seeks discoverable information, but asks for it in such sweeping terms that production may be burdensome and deposition appears a more appropriate discovery vehicle. It will be sufficient Response to Interrogatory No. 2, asking for "every statement" by defendants to persons deceived or confused, if plaintiff explains with specificity the means by which it expects to demonstrate deceit or confusion.

    7. The Court has already ruled that discovery propounded in defendants' Second Set will be timely answered on or before

September 28, 2007.  As to Interrogatories 1, 2, 3, 4, 6, 11, 13, and 14, and Requests for Production 4 and 14, which were contained in defendants' First Set, the Court will order responses in line with the instructions in this Order to be made no later than September 14, 2007.

8.  In addition to the foregoing issues arising out of written discovery requests, defendants contend that plaintiff has "refused to cooperate in the scheduling of the deposition of its principal, Neil Barker in Fayetteville, Arkansas."  The Court will lay out the facts of this dispute as gleaned from the supporting documents of the parties:

* Barker lives in New Zealand, but travels occasionally to the United States on business.  It was originally the plan of the parties that Barker's deposition would be scheduled when he was in the United States sometime during July or August, 2007, but it was not known when that would be.

* On June 21, 2007, defendants noticed up the deposition of a **Rule 30(b)(6)** witness of Rotoworks for July 31, 2007, in Fayetteville, Arkansas.  It appears that both sides contemplated that this witness would be Barker.

* At some point -- it is not clear when -- plaintiff's counsel learned that Barker would be available in mid-July, and sometime during the first week of July he was

-8-

offered for deposition on July 12 or 13. Defense counsel objected that he had other business scheduled and could not take the deposition at that time. He asked for another date in late July or late August.

* The parties fell to bickering about whether Barker had bought his plane ticket before the Notice of Deposition was submitted, and whether defense counsel could have rearranged his schedule to take the deposition when Barker was in the country. Such bickering did not resolve the dispute, nor even shed any light on it, but it did harden the attorneys in their positions as expressed in connection with the pending motion.

* Plaintiff offered to make Barker available for deposition by videoconference on July 31, 2007, or some other date convenient to defendants. It also appeared willing to produce Barker live, if defendants bore the travel expense. Defendants insisted on a live deposition, and refused to pay Barker's expenses.

* On July 27, 2007, defendant's **30(b)(6)** Notice was revised to call for the deposition on August 21, 2007, in Fayetteville. Not only was that date apparently inconvenient for plaintiff's attorneys, the matter of whether Barker would appear live, and if so, who would pay, had not been resolved.

F.R.C.P. 30(b)(7) allows the Court to "order that a deposition be taken by telephone or other remote electronic means." Defendants do not want to do this because "the deposition will involve a large number of documents and Plaintiff had agree [sic] to voluntarily appear for a deposition in Fayetteville at a mutually convenient time for all the parties and attorneys."

The Court does not find either of these arguments against videoconferencing particularly compelling, as documents can be viewed and discussed using videoconference technology, and it is apparent at this point that the parties are not going to find "a mutually convenient time" to do anything in this case. However, the Court has wide discretion in determining where a deposition should be taken, **Thompson v. Sun Oil Company, 523 F.2d 647 (8th Cir. 1975),** and in the exercise of that discretion it declines to order Barker's deposition to be taken by videoconference for a different reason. Given the problems this case has had, and the disputatious nature and collateral personal issues of the attorneys, the Court must -- regretfully -- anticipate that Barker's deposition will occasion disputes that the Court will be called upon to resolve. That will be much simpler, calling for fewer layers of technology, if Barker is deposed in Fayetteville, Arkansas, where this suit is pending.

As for who should pay for Barker's travel, the Court has combed the submissions of the parties to try to determine if

-10-

either side is more at fault in the failure of Barker to be deposed when he was in the United States on other business, but has been unable to make such a determination.  Neither counsel cooperated in trying to arrange for the deposition.  Thus, the Court finds that the cost of Barker's airfare, room and board in coming to Fayetteville for this deposition should be borne equally by the parties.

Finally, there is the issue of when Barker will be deposed. Counsel for plaintiff is directed to obtain all dates on which Barker can feasibly -- even if not conveniently -- come to Fayetteville in the next thirty (30) days, and to settle with counsel for defendants on the date which is least inconvenient to them both from among those given by Barker.  Should Barker find it inconvenient to appear, or counsel for either side find it inconvenient to depose, within that time period, the Court will select a date and direct all concerned to appear for the deposition on pain of contempt.

In lieu of this rather harsh strategy for taking Barker's deposition, and in spite of its reservations about problems that might attend such, the Court will allow the parties -- if they are able -- to agree to depose Barker using videoconference technology or taking a telephone deposition.

**IT IS THEREFORE ORDERED** that **Defendants' First Motion To Compel** (document #93) is **granted in part and denied in part**.

-11-

The Motion is **granted** insofar as it seeks to compel responses to defendants' Interrogatories 1, 2, 3, 4, 6, 11, 13, and 14, and Requests for Production 4 and 14, and plaintiff is directed to submit its responses to those Interrogatories and Requests for Production -- in line with the instructions in this Order to be made no later than September 14, 2007.

The Motion is also **granted** insofar as it seeks to compel responses to defendants' Interrogatory 20 and Requests for Production 19 and 22, and plaintiff is directed to submit its responses to those Interrogatories and Requests for Production -- in line with the instructions in this Order to be made no later than September 28, 2007.

The Motion is also **granted** insofar as it seeks to compel the deposition of Rotoworks' principal, Neil Barker, in Fayetteville, Arkansas.  The parties are directed to settle on a date for this deposition with the thirty (30) days following this Order, and to share equally in Barker's airfare, room, and board for travel to Fayetteville, Arkansas, for that purpose.

The Motion is **denied** in all other respects.

**IT IS SO ORDERED.**

                                  **/s/ Jimm Larry Hendren**
                                  **JIMM LARRY HENDREN**
                                  **UNITED STATES DISTRICT JUDGE**