```
        IN THE UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF ARKANSAS
                FAYETTEVILLE DIVISION
```

**ROTOWORKS INTERNATIONAL LIMITED**                                         PLAINTIFF

        v.        Civil No. 07-5009

**GRASSWORKS USA, LLC;
GRASSWORKS!!! L.L.C.;
ROBERT D. UMBERSON a/k/a/BOBBY
UMBERSON; LINDA K. REED; and
METAL WORKS, L.L.C**                                                        DEFENDANTS

### O R D E R

    Now on this 27th day of September, 2007, comes on for consideration **Plaintiff's Second Bill Of Costs** (document #101), and defendants' response thereto, and from the submissions of the parties, the Court finds and orders as follows:

    1. On September 4, 2007, this Court entered an Order finding that defendants and their attorney were in violation of **F.R.C.P. 11** by virtue of the filing of a Counterclaim in this matter, and imposing -- as one sanction for that violation -- the requirement that defendants pay reasonable attorney's fees and costs incurred by plaintiff in addressing the Counterclaim.

    Plaintiff has now filed its Bill Of Costs, seeking recovery of $17,648.00 in attorney's fees, and $1,563.00 in costs, all said to be associated with the Counterclaim.

    Defendants object to numerous items in plaintiff's Bill Of Costs, and the Court has reviewed the Bill Of Costs both in light of defendants' objections thereto, and with its own perspective on what hours and what hourly rates are reasonable under the

circumstances.

2. The Counterclaim was filed on May 29, 2007, and -- as defendants point out -- plaintiff's Bill Of Costs includes entries that pre-date that filing. While these entries may represent work that was useful to plaintiff in connection with its response to the Counterclaim, the Court does not believe it can fairly be said that such work was occasioned by the Counterclaim. The Court will, therefore, disallow all claims for time spent on this matter before May 29, 2007.

3. An entry dated May 30, 2007, for three hours, is said to represent -- at least in part -- "research other cases in which opposing counsel filed motions for sanctions against Mr. Speed to demonstrate pattern of conduct." Because conduct in other cases does not bear directly on conduct in this case, the Court will disallow one-half of the three-hour claim on this date.

4. Defendants object that time spent in preparing for and taking the depositions of Bobby Umberson, Linda Reed, and Michelle Thomas "would have been incurred anyway and is not primarily related to the motion for sanctions." While the Court agrees that depositions of these individuals would probably have been taken in this case regardless of the filing of the Counterclaim, plaintiff's submissions to date (related both to this and other pending motions) indicate that the depositions of Umberson, Reed, and Thomas in June, 2007, were taken at least in part to determine

whether there was any factual basis for the Counterclaim. For example, in Plaintiff's Motion For Leave To Take Second Depositions Of Defendants (document #102), plaintiff asserts that the depositions of Umberson, Reed, and Thomas were "directed towards determining what documents Defendants were withholding during discovery and what factual and legal basis Defendants had to assert a counterclaim for tortious interference with business expectancy." The Court, therefore, deems it reasonable to charge defendants with one-half the time incurred in connection with the depositions of Umberson, Reed and Thomas, and one-half the court reporter's fee for the transcripts of those depositions.

5.   A charge on August 2, 2007, for 1.25 hours, is described as "[r]eview and respond to Mr. Speed's email requesting an extension of time to file sur-replies. Respond to motion for additional time on the basis that there is no rule which permits a sur-reply." While plaintiff would necessarily have had to review the email in question, the Court believes such review would have taken no more than .25 hours. The remaining hour, expended in objecting to the filing of a sur-reply, will be disallowed. Such skirmishing over whether the Court should allow parties to file documents is to be discouraged, unless there is a very good reason for the objections.

6.   Plaintiff claims 5.5 hours preparing for and defending the depositions of Steve Mankin and Rafe Essary, stating that half

of the deposition time was directed towards the Counterclaim. It also claims 2.5 hours spent preparing for and defending the deposition of Kimberly Essary, which is said to have been entirely directed to the Counterclaim. The Court will disallow one-half of the 5.5 hours for Mankin and Rafe Essary, to account for the fact that half of those depositions were apparently related to legitimate issues in the case. The Court will allow plaintiff the full time for the deposition of Kimberly Essary.

    7.   Defendant objects that the time spent preparing the Bill Of Costs (6.25 hours) is excessive. The Court agrees, and will disallow one half of that amount. The Court also finds that the time spent preparing the Motion For Sanctions (a total of 32.89 hours) and plaintiff's Reply to defendants' Response thereto (a total of 14.23 hours) is excessive and emblematic of the over-lawyering that has characterized this case from the beginning. Half that amount of time should, in the Court's view, have been sufficient for the research and drafting of these documents, and only half of it will be allowed.

    8.   The Affidavit Of Mark Murphey Henry offered in support of the Bill Of Costs recites that "[m]y contract for legal services with Rotoworks provides that my firm's rate for this litigation is $200 per hour," and that "the fees charged are reasonable and customary."

    The Court finds these assertions merit further scrutiny.

Although defendants do not specifically object to the hourly rate, they do object that the total fees sought are unreasonable. Plaintiff and its attorneys may agree to any hourly rate they choose, but when fees are shifted to the opposing party under **Rule 11**, the Court has an obligation to determine what constitutes a reasonable hourly rate. In fixing hourly rates, the Court may draw on its own knowledge of prevailing market rates, **Warnock v. Archer, 397 F.3d 1024 (8th Cir. 2005)**, and it has chosen to do so here.

Hours are charged for work by three different attorneys, with very different levels of experience. According to their profiles on the Arkansas Judiciary website, www.courts.state.ar.us, Mark Henry, plaintiff's lead counsel, has been licensed for ten years; Nathan Chaney for three; and Adam Hopkins only for one. The Court agrees that a fee of $200/hour is reasonable for Henry. However, given their lesser degrees of experience, the Court finds that a fee of $150/hour is reasonable for Chaney, and $100/hour is reasonable for Hopkins.

9.   When the hours disallowed by the Court are deducted from the Bill Of Costs, and the hourly rate is adjusted as outlined above, the total amount allowed for attorney services comes to $7,319.00. When the costs disallowed by the Court are deducted, the remaining costs total $993.25. The Court will, therefore, award plaintiff $8,312.25 in attorney's fees and costs as a

sanction against defendants and their attorney for violating **F.R.C.P. 11** in connection with the filing of their Counterclaim.

**IT IS THEREFORE ORDERED** that defendants pay to plaintiff the sum of Eight Thousand Three Hundred Twelve and 25/100 Dollars ($8,312.25) as a sanction for violating **F.R.C.P. 11** in connection with the filing of their Counterclaim.

**IT IS SO ORDERED.**

                                        /s/ Jimm Larry Hendren
                                        **JIMM LARRY HENDREN**
                                        **UNITED STATES DISTRICT JUDGE**