```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION

ROTOWORKS INTERNATIONAL
LIMITED,

     Plaintiff,

     v.
                                     Case No. 5:07-cv-05009
GRASSWORKS USA, LLC,
ROBERT D. UMBERSON a/k/a BOBBY
UMBERSON,
LINDA K. REED, and
METAL WORKS, LLC,

     Defendants.
```

**O R D E R**

NOW on this the 23rd day of June 2008, in the above-referenced matter, comes on for this Court's consideration Plaintiff's **Motion for Treble Damages, Attorneys' Fees, and Costs** (document #156) and Defendants' response thereto (document #160), and the Court, being well and sufficiently advised, finds and orders as follows:

1.  This action came on for trial on December 3, 2007, before the Court and a jury, the Honorable Jimm Larry Hendren, United States District Judge, presiding.  The issues having been duly tried, and after deliberating thereon, the jury returned a verdict on December 11, 2007 in favor of Plaintiff Rotoworks International Limited (hereinafter "Plaintiff").  Specifically, the jury found Defendants Grassworks, USA, LLC ("Grassworks"), Robert D. Umberson ("Umberson"), Linda K. Reed ("Reed"), and Metal Works, LLC ("Metal

Works") (hereinafter, collectively, "Defendants") liable for trademark and trade dress infringement pursuant to 15 U.S.C. §§ 1114(a)(1) and 1125 (a)(1), respectively, and awarded:

   * $75,000 in profits and $25,000 in damages against Grassworks;

   * $125,000 in profits and $26,000 in damages against Umberson;

   * $50,000 in profits and $12,000 in damages against Reed; and

   * $50,000 in profits and $12,000 in damages against Metal Works.

   2. Thereafter, Plaintiff filed its **Motion for Treble Damages, Costs, and Attorneys' Fees**, wherein it argues that such relief is appropriate in this case pursuant to 15 U.S.C. §§ 1117(a), (b). Specifically, Plaintiff asserts:

   * that substantial evidence exists in the record to support a trebling of Plaintiff's actual damages and that such trebling is just – given the circumstances of this case;

   * that under 15 U.S.C. § 1117(b), the award of Defendants' profits should be trebled;

   * that attorneys' fees should be awarded due to Defendants' willful infringement and the exceptional nature of this case; and

   * that under the provisions of the Lanham Act, costs should be awarded to Plaintiff as a matter of right.

2

Lastly, Plaintiff argues that Defendants should be held jointly and severally liable on all amounts assessed. That is, Plaintiff says that because Defendants prepared a common defense and counterclaim, it is reasonable to assess the award of attorneys' fees and costs on a joint and several basis. Further, Plaintiff argues that it is common in trademark infringement cases, particularly where corporate officers personally commit acts of infringement, to assess any award on a joint and several basis.

In response to Plaintiff's motion, Defendants argue first that the jury gave Plaintiff a generous award of actual damages that is unsupported by the evidence presented by Plaintiff. Particularly, Defendants say that Plaintiff introduced no evidence that it suffered actual damages. Moreover, Defendants assert that trebling damages under 15 U.S.C. § 1117(b) is inappropriate here because that statute relates to damages in cases of counterfeit marks. This, Defendants say, is not a case which involves the use of a counterfeit mark. Defendants further argue that the Court should not make a finding of willfulness as this issue was not submitted to the jury for consideration and the Court should not now invade on the province of the jury's findings. Finally, Defendants say that because Plaintiff did not request a jury instruction finding joint and several liability, Plaintiff should not be permitted to amend the specific findings of the jury as to the appropriate apportionment of liability among the four separate defendants.

3

3. In trademark and trade dress infringement cases such as this, the relevant statute regarding awards of damages, costs, and attorney's fees is 15 U.S.C. § 1117(a).  Section 1117(a) states, in pertinent part, that,

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office ... shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of sections 29 and 32 [15 U.S.C. 1111, 1114], and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action ... In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount.  If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  Such sum in either of the above circumstances *shall constitute compensation and not a penalty*.  The court in *exceptional cases* may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a) (emphasis added).  Under this section, district courts are given a great deal of discretion in fashioning the appropriate monetary remedy necessary to serve the interests of justice, provided such relief is not awarded as a penalty. <u>Metric & Multistandard Components v. Metric's, Inc.</u>, 635 F.2d 710, 714 (8th Cir. 1980).

The Court notes that because this case does not involve the use of a counterfeit mark, as defined in 15 U.S.C. § 1116(d), trebling damages under 15 U.S.C. § 1117(b) is not appropriate here.  Thus, the Court will proceed under the provisions of Section

1117(a), as set forth above.

4. As to whether the Court should, in its discretion, treble Plaintiff's actual damages and/or the award of Defendants' profits, it is paramount that any such increased award must constitute compensation – not a penalty. See 15 U.S.C. § 1117(a). Proceeding from this guiding principle, the Court must consider whether there is evidence in the record to support a trebling of damages or Defendants' profits. Having reviewed the record and the arguments of the parties the Court finds that there is insufficient evidence to justify or support an increase in the jury's award which would definitively constitute compensation -- rather than a penalty. The Court is satisfied that the jury's award of both actual damages and Defendants' profits is consistent with the evidence presented and that Plaintiff has been compensated appropriately. Thus, under the circumstances, the Court, in its discretion, declines to increase either Plaintiff's award of damages or Defendants' profits.

5. The Court will next consider whether an award of attorneys' fees is appropriate in this case. As previously stated, under Section 1117(a), "the court in *exceptional cases* may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added).

In the Court's view, the evidence clearly supports the conclusion that Defendants, in the instant case, intentionally set out to deceive or confuse the public as to the source of their

5

weedwipers, and that such conduct was deliberate and willful. As the exclusive United States distributor of Plaintiff's weedwipers, Defendants knew that the Rotowiper trademark was federally registered and protected, and they were uniquely familiar with the distinctive Rotowiper trade dress. In directly competing with genuine Rotowiper products, Defendants nevertheless elected to market and sell their own weedwipers using Plaintiff's trademark and trade dress. The Court, therefore, finds that the facts presented constitute an exceptional case under the Lanham Act and Plaintiff should be awarded its reasonable attorneys' fees. See 15 U.S.C. § 1117(a); Porous Media Corp. v. Pall Corp., 110 F.3d 1329, 1341 (8th Cir. 1997) (holding that where defendant acted willfully and in bad faith case was "exceptional"); Metric, 635 F.2d 710 at 716.

Plaintiff's motion for attorneys' fees seeks to recover fees in the amount of $223,669.30, and Plaintiff's attorneys have submitted an affidavit and itemizations supporting this amount.

In responding to Plaintiff's motion, Defendants generally deny that this case is "exceptional" and that Plaintiff should be awarded any of its attorneys fees. However, Defendants do not object to the specific fees documented by Plaintiff.

Attorney's fees awarded under fee-shifting statutes are generally calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. City of

6

Burlington v. Daque, 505 U.S. 557 (1992). The resulting figure is the "lodestar," and there is a strong presumption that the lodestar represents a reasonable attorney's fee.

What constitutes a reasonable hourly rate is determined by the prevailing rate, i.e., the ordinary rate for similar work in the community where the case has been litigated. Moysis v. DTG Datanet, 278 F.3d 819 (8th Cir. 2002). The party requesting the fee award bears the burden of substantiating the requested rate as well as the hours expended. Hensley v. Eckerhart, 461 U.S. 424 (1983).

Plaintiff does not offer any evidence as to the prevailing rate in the community for services similar to what were performed in this case. While that omission does not serve to either advance or support the claim, neither does it defeat it since "courts may draw on their own experience and knowledge of prevailing market rates" in determining a reasonable rate. Warnock v. Archer, 397 F.3d 1024 (8th Cir. 2005).

This Court has had similar applications before it in other cases and, based upon experience, is aware that $200.00 per hour is not an excessive rate for the type of attorney services provided in this case.[1] The Court believes that is a reasonable hourly rate

---

[1] The Court notes that Mark Henry's hourly rate is typically $250.00 per/hour, but that for purposes of this litigation he lowered that rate and the average hourly billing rate charged by Plaintiff's attorneys for this case is $200.00/per hour.

for the services of Plaintiff's attorney in this case.

As to the hours expended by Plaintiff's counsel litigating this matter, the Court recognizes that intellectual property enforcement litigation is, by its nature, complicated and can be labor intensive.  Moreover, much of the high costs of the instant case are due to Defendants' own conduct during the course of this proceeding.  For example, Defendants repeatedly filed motions for reconsideration, which the Court repeatedly denied, and failed to comply with court orders and deadlines.  This resulted in protracted litigation and compounded work for Plaintiff's attorneys.

However, having reviewed the itemizations provided by Plaintiff's attorneys, the Court notes some duplicative billing.  Specifically, attorneys Mark Henry and Nathan Chaney both charged for their time spent at hearings, the trial, and certain depositions.  While the Court does not question the employment of multiple attorneys during the litigation of this case, it does not believe it proper to assess those duplicative charges to Defendants unless it be shown that such was necessary -- and here, the Court does not believe that was the case.  Accordingly, the Court will reduce the attorneys' fees submitted by Plaintiff by $22,400, which represents Nathan Chaney's billing for hearings, trial days, and certain depositions – where both Nathan Chaney and Mark Henry were in attendance.

Additionally, a review of the fee itemizations reveals numerous hearing and trial days where Mark Henry billed well above the full eight-hour days spent in court. And, while the Court does not question the time spent by counsel on this matter, it does not find it appropriate -- in a fee-shifting determination -- to tax the opponent for such extensive hours absent more documentation evidencing the necessity of such hours. Therefore, the Court will reduce the attorneys' fees submitted by Plaintiff an additional $2,625. This amount represents hours charged by Mark Henry for hearing and trial days where he billed for time beyond the eight hours spent in court.

The Court further notes non-trial days throughout the litigation of this matter where Plaintiff's attorneys billed for extensive hours. Again, the Court does not take issue with the hours worked by Plaintiff's counsel. However, as previously stated, in making a fee-shifting determination, the Court will not assess extensive billing days to Defendants absent a showing as to the necessity of or justification for those long days. The days for which such a showing would be necessary are as follows:

* On February 15, 2007, Nathan Chaney billed 13.3 hours for research and drafting a reply in support of Plaintiff's motion for preliminary injunction;

* On February 19, 2007, both Mark Henry and Nathan Chaney billed twelve hours (totaling 24 hours) for their work on a motion

9

for preliminary injunction;

　　* On September 10, 2007, Nathan Chaney billed 10.2 hours related to the preparation and organization of evidence;

　　* On September 12, 2007, Nathan Chaney billed 11.4 related to drafting discovery responses;

　　* On September 24, 2007, Nathan Chaney billed 12 hours for correspondence with Defendants' attorney and hearing on subpoena in Oklahoma;

　　* On November 19, 2007, Nathan Chaney billed 13.3 hours for work related to motions in limine;

　　* On November 27, 2007, Nathan Chaney billed 11.3 hours for work related to motions in limine and briefing;

　　* On November 29, 2007, Nathan Chaney billed 13.3 for trial preparations;

　　* On November 30, 2007, Mark Henry billed 12 hours in preparation for trial; and

　　* On December 2, 2007, Nathan Chaney billed 16.7 hours preparing for trial.

　　For the above-detailed billings, Plaintiff has provided only a general itemization in support of its fees. Thus, the Court cannot determine whether these particular items represent actual legal work, only, or whether they may be "portal-to-portal" time records which could include travel time or other charges which, although properly billable to a client, may not be properly

recoverable from an opponent in a fee-shifting situation. Given the long hours reflected by these billings, the Court finds that the general itemizations provided by Plaintiff are insufficient to support a shifting of *all* these fees to Defendants. The Court will, therefore, reduce the attorneys' fees by $6,945. This amount reflects the Court's belief that, without more documentation than has been presented, it cannot conclude that it is reasonable to shift fees to an opponent for more than a regular eight-hour day for drafting pleadings, trial preparation, and similar work.

Apart from the above-detailed reductions, the Court finds that Plaintiff has adequately supported its request for attorneys' fees and the hours spent by Plaintiff's counsel on the preparation and trial of this matter are reasonable. Accordingly, the Court finds that Plaintiff should recover its reasonable attorneys' fees in the amount of $191,699.30, which sum will be included in the Judgment to be entered in this case.

6. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is clearly entitled to recover the "costs of the action." 15 U.S.C. § 1117(a). Regarding which costs of this action are recoverable, the Court is guided by Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. Accordingly, the Court finds that the following costs are recoverable:

* Filing fee of $350.00;
* Court reporter fees for the depositions of witnesses in the

11

      sum of $8,595.31;

* Court reporter fees for transcripts, necessarily obtained for use in the case, of $834.20;

* Witness fee of $157.86; and

* Copy fees, necessarily obtained for use in the case, of $1,908.99.

The remaining costs claimed -- for electronic research, long-distance telephone charges, postage and delivery expenses, certified copy expenses, and service of process and subpoenas -- are not recoverable as costs and will be disallowed. The total costs award is therefore $11,846.36.

    7. Finally, as to the issue of joint and several liability, the Court first notes that in the complaint Plaintiff never made an allegation of joint liability. Moreover, this case was tried on the theory that the damages caused by each defendant were separate and apart from those caused by the other defendants. The jury instructions and verdict form support this conclusion. Particularly, the verdict form -- to which Plaintiff did not object -- asked for separate findings as to each Defendants' liability. And, indeed, the jury returned a verdict for Plaintiff in which it assessed liability among the individual Defendants as it deemed appropriate. The Court will, therefore, deny Plaintiff's request as it relates to damages and those assessments will remain as fixed by the jury's verdict.

However, the Court finds that Defendants are jointly and severally liable for all attorneys' fees and costs assessed herein.

**IT IS THEREFORE ORDERED** that Plaintiff's **Motion for Treble Damages, Attorneys' Fees, and Costs** is hereby **granted in part** and **denied in part**.  It is **granted** in that Plaintiff is awarded the sum of **$191,699.30** in attorneys' fees and **$11,846.36** in costs, which sums Defendants shall be held jointly and severally liable.  These attorneys' fees and costs will be included in the Judgment to be entered in this matter.  Plaintiff's motion is **denied** insofar as it seeks an award of treble damages and a finding of joint and several liability as to damages.

**IT IS SO ORDERED.**

>                             **/s/ Jimm Larry Hendren**
>                             **JIMM LARRY HENDREN**
>                             **UNITED STATES DISTRICT JUDGE**